IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WAYNE MCMANUS and SHILO MCMANUS, <br><br> Plaintiffs, <br><br> v. <br><br> THE ALEUTIAN REGION SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 3:20-cv-00099-TMB <br><br> **ORDER ON DEFENDANTS' MOTION TO DISMISS COUNT 1 (DKT. 30)** |

## I. INTRODUCTION

The matter comes before the Court on Defendant Aleutian Regional School District ("ARSD") and individually named Defendants' Motion to Dismiss Count 1 of the First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.[1] *Pro se* Plaintiffs Wayne and Shilo McManus ("Plaintiffs" or the "McManuses")[2] filed an Opposition.[3] Defendants filed a Reply, and Plaintiffs filed several additional documents, including

---

[1] Dkts. 30 (Motion to Dismiss Count 1); 30-1 (Memorandum in Support).

[2] *Pro se* complaints and filings are held to less stringent standards than formal pleadings drafted by lawyers. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642–43 (9th Cir. 2018). Nevertheless, Plaintiffs remain obligated conform filings to Local and Federal Civil Rules of Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012); *see also* Fed. R. Civ. P. 8; Fed. R. Civ. P. 11; D. Alaska L. Civ. R. 1.1(a)(3).

[3] Dkt. 33 (Opposition).

1

documents which the Court construes as a surreplies.[4] The matter is fully briefed and ready for decision; the Parties did not request oral argument, and the Court finds the matter suitable for disposition without argument. For the reasons discussed below, the Motion to Dismiss Count 1 is **GRANTED in part** and **DENIED in part**.

## II. BACKGROUND

This action arises out of a dispute between Plaintiffs and their former employer, ARSD. The Court previously granted Plaintiffs leave to file an amended complaint, and the Court included in its Order the legal standards for some of Plaintiffs' claims, including Plaintiffs' claim brought under Section 504 of the Rehabilitation Act ("Section 504").[5] On March 12, 2021, Plaintiffs filed an Amended Complaint against ARSD and Joseph B. Beckford, the ARSD Superintendent, Crystal Dushkin, Mark Snigaroff Sr., Kathleen McCune, Rebecca Dunton, Sally Swetzof, Mary Swetzof,[6] William J. Dushkin, and Luke Snigaroff, in their individual capacities (collectively, "Defendants").[7]

---

[4] Dkts. 40 (Reply); 36 ("Motion to Deny Motion to Dismiss Count 1" construed as First Surreply); 43 ("Reply to Document 40" construed as Second Surreply); *see also* Dkt. 39 (Affidavit in Support of Plaintiffs' Opposition to Dismissal).

[5] Dkt. 19 (Order).

[6] Plaintiffs spell individual Defendants' names as "Sally Swetzoff" and "Mary Swetzoff." Dkt. 29 at 1, 3 12–13. However, in Defendants' Motions to Dismiss and Plaintiffs' attached letter signed by one of the individual Defendants, their names are spelled "Sally Swetzof" and "Mary Swetzof." *See* Dkts. 39-7 (Letter from Mary Swetzof); 30-1 at 8, 11–12 (Memorandum in Support of Motion to Dismiss Counts 4 & 5); 32-1 at 10–12, 15–17 (Memorandum in Support of Motion to Dismiss Counts 2 & 3). Accordingly, the Court will use this spelling of Defendants' last names.

[7] Dkt. 29 (Amended Complaint).

A. *Allegations in Count One of the Amended Complaint*

In Count One of their Amended Complaint, Plaintiffs claim certain Defendants violated their rights under Section 504.[8] Plaintiffs allege the following: Plaintiffs were hired as teachers by ARSD in March 2017, and employed to teach during the 2017-2018 school year in Atka, Alaska.[9] ARSD is a recipient of Federal funds and a government entity, subject to Section 504.[10] Plaintiffs' teaching assignments included students with disabilities, and Plaintiffs "were within the zone of interest of [Section 504's] requirements for the benefit of disabled students[.]"[11]

Plaintiffs further allege that ARSD "intentionally did not provide the McManuses and their disabled secondary students adequate monitoring of progress towards graduation, support towards graduation, and failed to follow through with an established plan" for the education of students with disabilities.[12] Plaintiffs "reported to state and federal officials," to ARSD School Board members, and to Defendant Joseph Beckford, various building code violations, student safety issues, "employee issues such as overtime fraud, misuse of strict property, and substance abuse" at the Adak school where they worked.[13] Plaintiffs reported to these same entities and individuals legal violations "regarding confidentiality of [Individualized Education Programs ("IEPs")] and that a disabled student "was not being allowed access to his enrolled classes[.]"[14] ARSD retaliated

---

[8] *Id.* at 4–6.

[9] *Id.* at ¶ 16.

[10] *Id.* at ¶ 5.

[11] *Id.* at ¶¶ 17–18.

[12] *Id.* at ¶ 19.

[13] *Id.* at ¶¶ 20–21.

[14] *Id.*

against Plaintiffs for making these reports, as did Defendants Joseph Beckford, Crystal Dushkin, and Mary Swetzof, who "collaborated to fabricate a story about the McManuses[.]"[15] Plaintiffs state that ARSD specifically retaliated by denying Plaintiff's personal leave, eliminating Wayne McManus's teaching position and not retaining Plaintiffs, evicting Plaintiffs from their home, not allowing one of Plaintiffs' sons to attend school, and not allowing Plaintiffs' other son to compete in archery nationals, "threatening to remove contractual airfare, revoking access to a professional development class, and blacklist[ing] [Plaintiffs] with a letter" which stated false reasons for their non-retention.[16]

Plaintiffs allege that Defendants Joseph Beckford, Crystal Dushkin, and Sally Swetzof were "implicated in reports relating to disabled students," Defendants Beckford, Crystal and William Dushkin, Sally Swetzof, and Luke Snigaroff were "implicated in reports relating to abuse of students," and Defendants Joseph Beckford, Crystal Dushkin, and Sally Swetzof "intentionally refused to honor a student's access to classes and his related IEP rights."[17]

Plaintiffs seek the following relief: (1) "injunctive and other equitable relief, including reinstatement to a teaching position"; (2) "compensatory . . . damages for mental anguish and damage to their reputations and careers in the amount of $3,000,000.00"; and (3) legal fees and costs.[18]

---

[15] *Id.* at ¶¶ 25, 27.

[16] *Id.* at ¶ 26.

[17] *Id.* at ¶¶ 22–24.

[18] *Id.* at ¶¶ 28–30.

B. *Defendants' Motion to Dismiss Count 1*

ARSD moves, on behalf of all Defendants, to dismiss Count 1 of the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[19] Defendants argue that Plaintiffs' Amended Complaint fails to present sufficient facts to allow the Court "to reasonably draw the inference that [ARSD] took adverse employment action because of Plaintiffs' advocacy for a student with disabilities."[20] Defendants argue that Plaintiffs simply "made conclusory allegations that multiple private citizens and [S]chool [B]oard members have acted under color of state law to violate [Plaintiffs'] federal rights"; however, the factual allegations in the Amended Complaint "do not reasonably support any such conclusion."[21]

Defendants argue that even accepting Plaintiffs' allegations as true—that Plaintiffs' contracts were not renewed and that they were issued letters of non-retention, that ARSD denied Plaintiffs' personal leave, eliminated Wayne McManus's position, threatened to revoke Plaintiffs' contractual airfare, and revoked access to a professional development class—there is no basis to conclude "those adverse actions were caused by Plaintiffs' conduct protected by Section 504."[22] Additionally, accepting as true Plaintiffs' allegations that they made various reports, some of which involved advocating for students with disabilities, "Plaintiffs have not specified which reports . . . [ARSD] responded to by retaliating" against Plaintiffs.[23]

---

[19] Dkt. 30 at 1.

[20] *Id.*; Dkt. 30-1 at 4.

[21] Dkt. 30-1 at 7.

[22] *Id.* at 4–5.

[23] *Id.* at 6.

The Amended Complaint, Defendants argue, does not contain factual allegations that permit the Court to draw the reasonable inference that ARSD took actions in retaliation for Plaintiffs' advocacy on behalf of a student with disabilities or for reporting the violation of the rights of a student with disabilities.[24] Instead, Defendants argue, it is unclear whether the alleged retaliation would have occurred but for Plaintiffs' advocacy for students with disabilities, rather than as a result of Plaintiffs' reports involving building safety, overtime fraud, misuse of school property, and maladministration of funds.[25]

C. *Plaintiffs' Opposition and Surreplies*

Plaintiffs filed an Opposition in which they argue Defendants cannot successfully claim there existed "legitimate non-discriminatory reasons for the adverse actions" taken against Plaintiffs.[26] Further, Plaintiffs argue the temporal proximity between "the release of the PTPC[27] complaint to Mr. Beckford for his response mid[-]March of 2018, and [Wayne] McManus['s] position being eliminated on March 28, 2018," evidence retaliation by Defendants.[28]

---

[24] *Id.*

[25] *Id.*

[26] Dkt. 33 at 1, 3 (internal quotation marks omitted).

[27] PTPC appears to stand for "Professional Teaching Practices Commission." *See* Alaska Department of Education & Early Development, Professional Teaching Practices Commission: Mission Statement, https://education.alaska.gov/ptpc (last visited June 24, 2021).

[28] *See* Dkt. 33 at 2–3. Additionally, although neither party raises the timeliness of Plaintiffs' claims, Plaintiffs include few dates in their Amended Complaint regarding when the alleged harms underlying their claims occurred. "Section 504 does not have its own statute of limitations." *C.C. v. Rocklin Unified Sch. Dist.*, No. 2:17-cv-02645-MCE-AC, 2019 WL 803904, at *3 (E.D. Cal. Feb. 21, 2019) (citing *Alexopulos v. S.F. Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987)). Instead, the forum state's most analogous statute of limitations applies. *Dep't of Educ., State of Hawaii v. Carl D.*, 695 F.2d 1154, 1157 (9th Cir. 1983). Some district courts in the Ninth Circuit have applied the forum state's personal injury statute of limitations to Section 504 claims. *E.g.*, *C.C.*, No. 2:17-cv-02645-MCE-AC, 2019 WL 803904, at *3 (citing *Daviton v. Columbia/HCA*

Plaintiffs also filed a "Motion to Deny Motion to Dismiss Count 1 of the First Amended Complaint," which the Court construes as the First Surreply.[29] Plaintiffs state that their complaint is sufficient and ask that the Court deny Defendants' Motion to Dismiss Count 1.[30]

Plaintiffs filed a "Reply to Motion to Deny Motion to Dismiss Count 1," which the Court construes as a Second Surreply.[31] Plaintiffs argue that Defendants Mary Swetzof and Joseph Beckford "are both on the record as saying they were motivated by [Plaintiffs'] complaints to the 'professional practices board'" and Plaintiffs' "'attack on [Mary Swetzof's] language and culture.'"[32] Plaintiffs appear to argue these statements support their retaliation claim, and Plaintiffs characterize this as "the crux of the protected 504 activity and resultant retaliation."[33] Finally,

---

*Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir. 2001)); *Pimental v. Orloff*, No. C–08–0249 MMC, 2008 WL 4963049, at *2 (N.D. Cal. Nov. 19, 2008) (collecting cases); *but see Clink v. Or. Health & Science Univ.*, 9 F. Supp. 3d 1162, 1168 (D. Or. 2014) (applying the one-year statute of limitations from the State of Oregon's Rehabilitation Act).

[29] Dkt. 36. The Court notes that although Plaintiffs filed a response, motion, and an affidavit, in addition to their Opposition to the Motion to Dismiss, which the Court construes in part as surreplies, the Federal and Local Rules do not automatically provide for such filings. *See* D. Alaska L.R. 7.1(c) Replies ("Reply memoranda are optional and restricted to rebuttal of factual and legal arguments raised in the opposition."). Generally, parties intending to file a surreply must seek leave of the Court. *See, e.g.*, *Roland v. Hickman*, No. 2:15–cv–1133–JCM–VCF, 2015 WL 10735658, at *2–3 (D. Nev. Aug. 12, 2015) ("Before filing a sur-reply, a party must seek leave of court and show that a sur-reply is necessary to address new matters raised in a reply to which a party would otherwise be unable to respond. . . . The decision to allow a sur-reply is committed to the court's discretion."); *Daniels v. ComUnity Lending, Inc.*, No. 13cv488–WQH–JMA, 2015 WL 2338713, at *4–5 (S.D. Cal. May 12, 2015) ("Other district courts within the Ninth Circuit have found that a party must seek leave of the court to file a surreply[.]"); Plaintiffs are cautioned that such filings in the future may be rejected by the Court and struck from the docket.

[30] Dkt. 36 at 1.

[31] Dkt. 43.

[32] *Id.* at 2.

[33] *Id.*

7

Plaintiffs argue dismissal is improper and that if the Court concludes there are deficiencies in Plaintiffs' Amended Complaint, they should be permitted to amend again.[34]

Additionally, Plaintiffs filed an "Affidavit in Support of Documents Supporting Plaintiffs['] Memoranda Opposing Dismissal of the First Amended Complaint."[35] Plaintiffs attach various documents, including a partial transcript from a December 5, 2018, interview between Defendant Joseph Beckford and personnel from the U.S. Department of Education's Office for Civil Rights ("OCR"); an excerpt from an ARSD handbook; a picture of a piece of paper on Defendant Crystal Dushkin's classroom table; the first page of a letter from OCR personnel to Defendant Joseph Beckford about an investigation involving the McManuses and alleged retaliation by ARSD; a letter from an ARSD School Board member "regarding what took place at the April 12[, 2018] public meeting with Defendant Beckford and townspeople in Adak"; an August 5, 2017 excerpted Facebook message from a former teacher, Sonja Mills; and a May 1, 2018 letter from Defendant Mary Swetzof to ARSD Superintendent and School Board members "detail[ing] her dissatisfaction" with Plaintiffs.[36]

D. Defendants' Reply

Defendants replied to Plaintiffs' Opposition, reiterating their argument that Count 1 should be dismissed for failure to state a claim because the allegations included in the Amended Complaint do not reasonably support an inference that advocacy for disabled students was the but-for cause of an adverse employment action against Plaintiffs.[37] In Reply, Defendants reiterate that

---

[34] *Id.* at 3.

[35] Dkt. 39.

[36] *Id.* at 1–3; Dkts. 39-1; 39-2; 39-3; 39-4; 39-5; 39-6; 39-7 (Exhibits).

[37] Dkt. 40 at 3.

the Court already identified the proper standard for stating a Section 504 retaliation claim is "but-for causation."[38] Defendants acknowledge that there "can be burden-shifting in retaliation cases" but that the *McDonnell Douglas* framework "requires a plaintiff to first establish a prima facie case" and only after that "does any burden shift for the defendant to show a legitimate nonretaliatory reason for the action taken."[39] Here, Defendants argue, Plaintiffs have not stated a prima face case because their Amended Complaint "does not include facts which would reasonably support the conclusion that their advocacy protected under Section 504 was the but-for cause of any adverse employment action.[40]

Defendants also argue it is not appropriate for the Court to consider allegations presented by Plaintiffs for the first time in their Opposition, such as there was temporal proximity "between the 'release' of a PTPC complaint and the elimination of [Wayne McManus's] position."[41] Even if the Court considers this new allegation, Defendants argue that temporal proximity does not reasonably support the conclusion that "advocacy protected by Section 504 was the cause of [the] adverse employment action."[42]

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(6)

Defendants move under Rule 12(b)(6) to dismiss Count 1 of Plaintiffs' Amended Complaint for failure to state facts sufficient to support a claim for relief. In order to survive a

---

[38] *Id.* at 1–2 (internal quotation marks omitted) (citing Dkt. 19 at 11–12 & n.58).

[39] *Id.* at 2 (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir. 2000)).

[40] *Id.*

[41] *Id.* at 2–3.

[42] *Id.* at 3

9

motion to dismiss under Rule 12(b)(6), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"[43] and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44] In ruling on a 12(b)(6) motion, the Court must "'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'"[45]

In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" do not suffice.[46] However, a plaintiff need not plead "all facts necessary to carry" his or her burden.[47] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[48] So long as plaintiffs meet this standard of plausibility, their claim survives a 12(b)(6) motion even if defendants present a similarly plausible description of the disputed events.[49] "'A dismissal for failure to state a claim is proper only if it appears beyond

---

[43] Fed. R. Civ. P. 8(a)(2).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[45] *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (quoting *Nat'l Ass'n for the Advance. of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000)).

[46] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

[47] *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds*, 563 U.S. 713 (2011).

[48] *Iqbal*, 556 U.S. at 679 (citation omitted).

[49] *Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011).

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[50]

"Generally, the court should not consider materials outside of the pleadings when ruling on a motion to dismiss for failure to state a claim."[51] However, courts may consider additional materials where the complaint "necessarily relies" on those documents and their authenticity is not disputed.[52]

B.  Section 504 Claim

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, proscribes discrimination against a qualified individual with a disability because of the disability in regard to the terms, conditions, and privileges of employment.[53] To bring a suit under Section 504, a plaintiff must prove the following elements: (1) she is an individual with a disability under the Act; (2) she was denied a reasonable accommodation that she needs to enjoy meaningful access to the benefits of public

---

[50] *Arpin*, 261 F.3d at 923 (citation omitted).

[51] *Labs. Int'l Union of N. Am., Local 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 1000 (D. Alaska 2020) (citing *Arpin*, 261 F.3d at 925).

[52] *Id.*; *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (citation omitted); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.") (citations and internal quotation marks omitted).

[53] *See* 29 U.S.C. § 794(a) (Section 504 of the Rehabilitation Act provides, in part that: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"); 29 U.S.C. § 701(b)(1)(F) (An express purpose of the Rehabilitation Act is "to empower individuals with disabilities to maximize . . . independence, and inclusion . . . into society, through . . . the guarantee of equal opportunity.").

services; and (3) the program providing the benefit receives Federal financial assistance.[54] A public entity can be liable for damages under Section 504 "if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons."[55]

To state a claim for retaliation under Section 504, an individual must show that: (1) she engaged in a protected activity; (2) she suffered an adverse action; and (3) there was a causal link between the protected activity and adverse employment action.[56] To a establish a causal link, a plaintiff must plead facts showing that the adverse employment action would not have occurred but for the plaintiff's engagement in activity protected by Section 504.[57] The Ninth Circuit has recognized that teachers who allege that their employment has been terminated as retaliation for advocacy on behalf of students with disabilities have standing to bring claims under Section 504.[58]

---

[54] *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 912 (9th Cir. 2020); *D.K. ex rel. G.M. v Solano Cty. Office of Educ.*, 667 F. Supp. 2d 1184, 1190 (E.D. Cal. 2009).

[55] *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204–08 (9th Cir. 2016) (internal quotation marks and citation omitted).

[56] *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472–73 (9th Cir. 2015) (citing, *inter alia*, *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 339 (2013)); *see* 34 C.F.R. §§ 104.61, 100.7(e) (Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964, which prohibits recipients from intimidating, threatening, coercing, or discriminating "against any individual for the purpose of interfering with any right or privilege . . . or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.").

[57] *T.B.*, 806 F.3d at 472–73 (The Ninth Circuit's standard for a causal link is "but-for" causation.); *Brooks v. Capistrano Unified Sch. Dist.*, 1 F. Supp. 3d 1029, 1037 (C.D. Cal. 2014).

[58] *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 826 (9th Cir. 2009).

12

# IV. ANALYSIS

Defendants move, pursuant to Rule 12(b)(6), to dismiss Count 1 of Plaintiffs' Amended Complaint for failure to state a claim. After consideration of the Parties' filings, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

## A. ARSD

As a threshold matter, Plaintiffs, as teachers of students with disabilities, have standing to bring a claim under Section 504 of the Rehabilitation Act.[59] Additionally, Plaintiffs have alleged, and Defendants do not dispute, that ARSD receives Federal financial assistance, a necessary element of a Section 504 claim.[60]

The Court next examines whether Plaintiffs have plausibly stated a retaliation claim under Section 504 by alleging sufficient facts that they: (1) engaged in a protected activity; (2) suffered an adverse action; and (3) there was a causal link between the protected activity and adverse employment action.[61] First, "[a]dvocating for disabled students on issues related to their federal and state educational rights is a protected activity."[62] Here, Plaintiffs' allegations that they complained to ARSD and others that students with disabilities were not receiving adequate

---

[59] *Barker*, 584 F.3d at 825–26 ("[T]he anti-retaliation provision of section 504 grants standing to non-disabled people who are retaliated against for attempting to protect the rights of the disabled. . . . Such reasoning is consistent with Congress's statutory goal to protect the rights of the disabled.").

[60] *See Kimiko P. v. Alta Cal. Reg. Center*, No. 2:19-cv-0068-KJM-CKD, 2019 WL 3004149, at *2 (E.D. Cal. July 10, 2019).

[61] *T.B.*, 806 F.3d at 473.

[62] *Polonsky–Britt v. Yuba City Unified Sch. Dist.*, No. 2:10–cv–02951–KJM–JFM, 2012 WL 5828513, at *4 (E.D. Cal. Nov. 15, 2012); *Barker*, 584 F.3d at 826; *Brooks*, 1 F. Supp. 3d at 1036; *see also Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) ("[A]n employee's complaints about the treatment of others is considered a protected activity.").

13

monitoring or support and that at least one student in particular "was not being allowed access to his enrolled classes"[63] plausibly show they engaged in a protected activity.

Second, the Ninth Circuit takes an expansive view regarding the types of action that qualify as adverse employment actions.[64] An adverse employment action is any action "'reasonably likely to deter employees from engaging in protected activity.'"[65] Construing Plaintiffs' allegations as true, ARSD's decisions to eliminate Wayne McManus's position and to not renew Plaintiffs' teaching contracts qualifies as an adverse employment action.[66]

Finally, Section 504 of the Rehabilitation Act prohibits discrimination "solely by reason" of an individual's disability,[67] and the causation standard for claims brought under Section 504 has consistently been interpreted to require a "but-for" standard of causation.[68] At this stage, accepting all factual allegations in the Amended Complaint as true drawing and all reasonable inferences in Plaintiffs' favor, Plaintiffs have plausibly alleged that but for their reporting of the denial of access of protected services to students with disabilities, they would not have suffered retaliation. Plaintiffs have plausibly alleged a claim for retaliation in violation of Section 504 against ARSD. Accordingly, Defendants' Motion to Dismiss Count 1 against ARSD is **DENIED**.

/ / /

---

[63] Dkt. 29 at ¶¶ 20–21.

[64] *Brooks*, 1 F. Supp. 3d at 1036–37 (citing *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 850 (9th Cir. 2004)).

[65] *Id.* at 1036 (quoting *Ray*, 217 F.3d at 1243).

[66] *Id.* (citing *Okonkwo v. Ariz. State Univ.*, No. 01–1231–PHX–SRB, 2003 WL 26117561, at *9 (D. Ariz. Dec. 22, 2003)); Dkt. 29 at ¶ 26.

[67] 29 U.S.C. § 794(a).

[68] *T.B.*, 806 F.3d at 473.

## B. Individually Named Defendants

In addition to ARSD, Plaintiffs appear to include in Count 1 the following individual Defendants: Joseph Beckford, Crystal and William Dushkin, Mary and Sally Swetzof, and Luke Snigaroff. However, "individual defendants may not be sued in their individual capacities" under Section 504 because the statute does not provide "for individual liability."[69] Plaintiffs also cannot bring an action under 42 U.S.C. § 1983 against a state official in her individual capacity to vindicate rights created by Section 504.[70] Accordingly, insofar as Plaintiffs attempt to bring a Section 504 claim against individual Defendants Joseph Beckford, Crystal and William Dushkin, Sally and Mary Swetzof, and Luke Snigaroff, Defendants' Motion to Dismiss is **GRANTED**. For the foregoing reasons, Defendants' Motion is **GRANTED in PART** and **DENIED in part**.

## V. CONCLUSION

The Court concludes Plaintiffs have plausibly stated a claim under Section 504 against ARSD. However, Plaintiffs may not bring a Section 504 claim against the other individually named Defendants. Accordingly, the Motion to Dismiss Count 1 at Docket 30 is **GRANTED in PART** and **DENIED in part**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 2rd day of August, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[69] *U.S. ex rel. Teresa Teater v. Schrader*, No. CV05–623–HU, 2006 WL 1030165, at *4 (D. Or. Apr. 18, 2006) (citing *Becker v. Oregon,* 170 F. Supp. 2d 1061, 1066–67 (D. Or. 2001) (collecting cases)); *Baublitz v. State of Cal.*, No. C98–434 CRB, 1998 WL 427444, at *1 (N.D. Cal. July 27, 1998).

[70] *See Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir. 2002).